# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3507

_____

Buddy Jack Perrymore, Jr.

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: May 26, 2015
Filed: June 22, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Buddy Jack Perrymore, Jr. appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. We agree with the district court that the administrative decision denying benefits is supported by substantial evidence on the record as a whole. See Lott v. Colvin, 772 F.3d 546, 548 (8th Cir. 2014). As to Perrymore's assertions of error, we find that the administrative law judge's (ALJ's) determination on the severity of Perrymore's alleged disabling impairments is consistent with the record as a whole. See Kirby v. Astrue, 500 F.3d 705, 707-08 (8th Cir. 2007) (it is claimant's burden to establish that impairment is severe; if impairment has no more than minimal effect on claimant's ability to work, it does not qualify as severe). We also conclude that the ALJ properly discounted the residual-functional-capacity opinions of certain medical professionals. See Davidson v. Astrue, 501 F.3d 987, 990-91 (8th Cir. 2007) (treating physician's opinion does not automatically control, and may be discounted if inconsistent with his own treatment notes); Kirby, 500 F.3d at 709 (consulting physician's opinion deserves no special weight, and is entitled to less weight when based largely on claimant's subjective complaints). Accordingly, it was proper for the ALJ to apply the Medical Vocational Guidelines to find Perrymore not disabled. The judgment of the district court is affirmed.

—————————————————

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).